

DEC 1 1 2020

Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JOSHUA J. HOWELL, | Cause No. CV 20-104-BLG-SPW |
| Petitioner, | |
| vs. | ORDER |
| MONTANA STATE PRISON, | |
| Respondents. | |

This case comes before the Court on state pro se petitioner Joshua J. Howell's Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, Howell's petition will be denied.

## I.   28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.  Because Howell's claims are not cognizable in federal habeas, his petition will be denied.

1

## II.   Background

The Montana Supreme Court explained Howell's procedural history as

follows:

> In 2009, Howell entered a plea of guilty to felony issuing a bad check as part of a common scheme, committed in 2006, and the Custer County District Court imposed a two-year deferred sentence on February 12, 2009. Available electronic records indicate that the District Court issued a bench warrant for his arrest in May 2009 after the State filed a petition to revoke. On July 8, 2016, the District Court revoked his deferred imposition of sentence and sentenced Howell to the Department of Corrections (DOC) for a five-year term, suspending all but time served. On February 17, 2017, the court found that Howell had violated his probationary conditions based upon his admissions, evidence, and all testimony. The District Court revoked his five-year DOC term and re-imposed a five-year term, suspending all but time served, to the DOC. The court gave Howell 41 days of credit for time served. On January 4, 2019, the District Court held another revocation hearing and found that Howell violated his conditions for residence, reporting, and laws and conduct. The court revoked his sentence and imposed a five-year term to the DOC with no time suspended.
>
> Howell is procedurally barred to challenge his sentence upon revocation through the remedy of a writ of habeas corpus. Section 46-22-101(2), MCA. Additionally, he is late, by almost nine years, to seek a withdrawal of his guilty plea. Section 46-16-105(2), MCA. Howell's sentence is not any longer than the law allows. Under Montana's statutes, a court can revoke a deferred sentence and "impose any sentence that might have been originally imposed." Section 46-18-203(7)(a)(iv), MCA. The maximum term for a conviction of felony issuing a bad check is ten years in the state prison, pursuant to § 45-6-316(3), MCA (2005). Howell's sentence is not any longer because he has received a five-year term to the DOC for his third sentence upon revocation. The statute of limitations does not apply, as Howell claims, because the District Court has statutory authority to impose such a sentence.

*Howell v. Guyer*, OP 19-0091, 2019 WL 969741, at *1 (Mont. Feb. 26, 2019).

Howell's state habeas petition was denied. *Id.*

2

### III.   Howell's Claims

Howell advances four claims: (1) the sentence he received is excessive given that the bad checks totaled $1,730.81, (Doc. 5 at 3, ¶ 15(A)); (2) he was already sentenced to a 2-year deferred sentence and believed if he "messed up" he would be committed to the Department of Corrections for 2-years, *id.* at 4, ¶ 15(B); (3) he never received credit for time served on probation for the seven years he was out of state and Montana elected not to extradite him, *id.* at 5, ¶ 15( C); and, (4) he was not afforded relief in the state district court. *Id.* at 6, ¶ 15(D).  Howell asks this Court to order his resentencing or, alternatively, order that his sentence be conditionally discharged. *Id.* at 7, ¶ 18.

### IV.   Legal Standards

As a preliminary matter, this Court is not able to provide Howell the relief sought.  Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions").  It would be entirely inappropriate for this Court to review and/or amend the state court sentence as suggested by Howell.

To be eligible for federal habeas corpus relief, a state prisoner must establish

3

that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). Generally, a challenge to a state court's application of state sentencing laws does not create a federal question cognizable on federal habeas. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Hubbart v. Knapp*, 379 F. 3d 773, 779-80 (9th Cir. 2004)(federal habeas corpus relief is generally unavailable for alleged error in the interpretation or application of state law); *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) (petitioner not entitled to federal habeas relief on claim that state court improperly used a prior offense to enhance state sentence); see also, *Cacoperdo v. Demosthenes*, 37 F. 3d 504, 506 (9th Cir. 1994)(petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas). Accordingly, Howell's claims that he should be entitled to a more lenient sentence, to credit for his street time, or that he misunderstood the underlying sentence imposed by the state district court do not warrant habeas relief.

The district court's 2016 imposition of a five-year commitment to the DOC upon revocation constituted a valid sentence under state law. See, MCA § 46-16-105(2). Likewise, the district court had the sole discretion to either grant or deny Howell credit for his street time. See, MCA § 46-18-203(7)(b). While Howell advances a disagreement with the district court's application of state sentencing

4

laws, he does not assert any violation of the federal constitution. The district

court's sentencing determination, in relation to both the original sentence and the

sentence imposed upon revocation, was purely a matter of state law for which

federal habeas relief is not available. *Christian*, 41 F. 3d at 469.

To the extent that Howell claims he received no relief to his challenges in

the state district court, Howell again fails to assert a federal constitutional

violation. See, 28 U.S.C. § 2254(a). Additionally, the claim matters not at this

juncture, because the Montana Supreme Court addressed the merits of Howell's

sentencing-related claims. This Court can provide no further relief.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.

Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Howell has not made a substantial showing of the denial of a constitutional

right.  Moreover, reasonable jurists would not find this Court's determination that Howell's claims are not cognizable to be debatable.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Howell's Amended Petition (Doc. 5) is DENIED.

2. The Clerk of Court is directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this _11th_ day of December, 2020.

Susan P. Watters
United States District Court Judge